IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| SALOMON SANCHEZ NUNEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-1243-JDB-tmp |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

_____

**REPORT AND RECOMMENDATION**
_____

On December 14, 2018, *pro se* plaintiff Salomon Sanchez Nunez filed an application to proceed *in forma pauperis* and a form complaint labeled "Social Security Complaint."[1] (ECF Nos. 1 & 2.) The court granted the application to proceed *in forma pauperis*. (ECF No. 4.) Because it was unclear from the complaint and its attachments whether Nunez had completed the administrative process with the Social Security Administration as required, the court ordered Nunez to file an amended complaint stating what, if any, decision of the Commissioner he was appealing and identifying specific objections. (Id. at 3.) The court further warned Nunez that failure to comply could result in dismissal of this case

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

without further notice.  (Id.)  Nunez filed an amended complaint on January 7, 2019.  (ECF No. 5.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the court is required to conduct a screening of the complaint to determine whether or not summons should be issued by the Clerk.  Federal courts are authorized to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party."  42 U.S.C. § 405(g).  "Although the Social Security Act does not define 'final decision,' there is not a final decision of the Commissioner until the claimant exhausts the administrative process established by the applicable regulations."  James v. Comm'r of Soc. Sec., No. 16-62245, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017) (citing Willis v. Sullivan, 931 F.2d 390, 396–97 (6th Cir. 1991)).  In order to exhaust administrative remedies, a social security claimant must receive an initial determination of disability and request de novo reconsideration of that determination if dissatisfied; if still dissatisfied, a claimant seeking review before this Court must request an evidentiary hearing before an ALJ and then take an appeal to the Appeals Council.  Id.; see also 20 C.F.R. § 404.900(a)(1)–(5).  Only after completing this process may the claimant seek judicial review in federal court.  James, 2017 WL 3391704, at *2 (citing Willis, 931 F.2d at 397).  Failure to exhaust administrative remedies deprives a federal court of subject

matter jurisdiction.  See id.  If the court finds that subject matter jurisdiction is lacking, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); see also Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Nunez's amended complaint form states that he is appealing a decision of the Commissioner of Social Security, however the space indicating the date of the Appeals Council's decision is left blank.  (ECF No. 5 at 2.)  There is no indication in the complaint or in any of its attachments that Nunez has exhausted his administrative remedies as required.  Accordingly, this court lacks subject matter jurisdiction, and Nunez's complaint should be dismissed *sua sponte*.[2]

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 9, 2019
Date

---

[2] Because the Commissioner has not yet been served, this case falls outside the current order staying all cases in which the United States Attorney for the Western District of Tennessee is counsel of record.  See ECF No. 2, In re: Stay of Civil Proceedings in the US District Court for the Western District of TN in the Absence of an Appropriation Bill or Continuing Resolution by the U.S. Congress, 2:18-mc-00051-STA (W.D. Tenn. Dec. 28, 2018).

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**